UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE, | CASE NO. 2:24-cv-00438-LK |
| Plaintiff, | CONSENT DECREE |
| v. | |
| SSA MARINE INC ET AL, | |
| Defendants. | |

## I.    STIPULATIONS

WHEREAS, Plaintiff Puget Soundkeeper Alliance filed a complaint on April 1, 2024 (Dkt. No. 1) against defendants SSA Marine, Inc. and SSA Terminals (Seattle), LLC (collectively, "SSA") alleging violations of the Clean Water Act, 33 U.S.C. § 1251, *et seq*., in relation to SSA Terminals (Seattle)'s ship unloading and cargo distribution facility located at or about 3225 E. Marginal Way South, Seattle, WA 98134 (the "Facility"), and any contiguous or adjacent properties owned or operated by SSA, and seeking declaratory and injunctive relief, civil penalties, and attorneys' fees and costs;

WHEREAS, SSA Terminals (Seattle) has vacated the Facility and ceased operations and is negotiating the termination of its lease and its exit from the Facility with its landlord, the Port of Seattle;

WHEREAS, Puget Soundkeeper Alliance and SSA (the "Parties") agree that settlement of these matters is in the best interest of the Parties and the public, and that entry of this Consent Decree is the most appropriate means of resolving this action;

WHEREAS, counsel and representatives for the Parties have engaged in mediation before Mark Schneider at Washington Arbitration and Mediation Services in an effort to resolve claims against SSA;

WHEREAS, the Parties stipulate to the entry of this Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding Puget Soundkeeper Alliance's claims or allegations set forth in its complaint and its sixty-day notice.

DATED this 27th day of June, 2025

SSA MARINE, INC.                                    SSA TERMINALS (SEATTLE), LLC

By [signature in original]                          By [signature in original]
    Jaime Neal                                          Nicolas Gauthier
    Chief Financial Officer                             President and Chief Operating Officer

PUGET SOUNDKEEPER ALLIANCE

By [signature in original]
    Sean Dixon
    Executive Director

## II.    ORDER AND DECREE

THIS MATTER comes before the Court on the Parties' Joint Motion for Entry of Consent Decree, Dkt. No. 30, the foregoing Stipulations of the Parties, and a letter from the United States stating that it has no objection to the proposed consent judgment or to its entry by the Court, Dkt.

CONSENT DECREE - 2

No. 32. Having considered the Stipulations and the promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1.    This Court has jurisdiction over the Parties and subject matter of this action.

2.    Each signatory for the Parties certifies for that Party that he or she is authorized to enter into the agreement set forth herein and to legally bind the Party or Parties, their successors in interest, and assigns.

3.    This Consent Decree applies to and binds the Parties and their successors and assigns.

4.    This Consent Decree and any relief ordered within applies to SSA's operation and oversight of the Facility.

5.    This Consent Decree is a full and complete settlement and release of all the claims in Puget Soundkeeper Alliance's complaint and the preceding sixty-day notice letter, and all other claims known or unknown that exist as of the date of entry of the Consent Decree that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operation of the Facility, except as provided in Paragraph 8 of this Consent Decree. Upon termination of this Consent Decree, these claims are released and dismissed with prejudice. SSA's payment of attorneys' fees and litigation costs set forth in Paragraph 10 of the Consent Decree will be in full and complete satisfaction of any claims Puget Soundkeeper Alliance and Smith & Lowney, PLLC have or may have, either legal or equitable, known or unknown, and of any kind or nature whatsoever, for fees, expenses, and costs incurred in relation to this lawsuit, except as set forth in Paragraph 8 of the Consent Decree. Enforcement of this Consent Decree is Puget Soundkeeper Alliance's exclusive remedy for any violation of its terms.

6.    This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Puget Soundkeeper Alliance in this case or of any fact

CONSENT DECREE - 3

or conclusion of law related to those allegations, nor evidence of any wrongdoing or misconduct on the part of SSA or its members, officers, directors, employees, agents, affiliates, contractors, customers, or other third parties. SSA agrees to the terms and conditions identified in Paragraphs 7–10 in full and complete satisfaction of all the claims covered by this Consent Decree:

7.    No later than the date of the termination of its lease, SSA will apply for a Notice of Termination to request termination of its coverage under Industrial Stormwater General Permit ("ISGP") Permit No. WAR009181 for the Facility pursuant to ISGP Condition S13 and will thereafter comply with the requirements of Condition S13 for terminating its coverage.

8.    If SSA recommences operations at the Facility at any time during the life of the Consent Decree:

    a.    SSA will notify Puget Soundkeeper Alliance within ten (10) days of the date SSA makes the determination that it will be recommencing operations.

    b.    Within thirty (30) days of SSA's notification to Puget Soundkeeper Alliance as set forth in Paragraph 8.a, the Parties will schedule and participate in good faith in a mediation session with a mutually agreeable mediator to attempt to resolve Soundkeeper's claims for injunctive relief. SSA will pay Puget Soundkeeper Alliance's reasonable attorneys' fees and costs associated with this mediation.

    c.    If the mediation identified in Paragraph 8.b is unsuccessful, Puget Soundkeeper Alliance reserves the right to reopen this matter to pursue its claims for injunctive relief, including its additional attorneys' fees and costs.

9.    Payment to an Environmentally Beneficial Project: Within thirty (30) days of entry of this Consent Decree, SSA will pay a total of $950,000 (NINE HUNDRED AND FIFTY

THOUSAND DOLLARS) to the King County Department of Natural Resources and Parks, Water and Land Resources Division for the NE Auburn Creek Restoration Project, a water quality benefit project within the Green/ Duwamish watershed, as described in <u>Exhibit 1</u> to this Consent Decree. The check will be made to the order of the King County Water and Land Resources Division and delivered to: King County Water and Land Resources Division, 201 S. Jackson Street, Suite 6300, Seattle, WA 98104, attn: Josh Baldi, Nitin Chadha, and Janne Kaje. Payment(s) will include the following references in a cover letter or on the check: "Consent Decree, Puget Soundkeeper Alliance v. SSA Marine Inc. et al., W.D. Wash. No. 2:24-cv-00438-LK." SSA will send a copy of the check(s) and cover letter(s), if any, to Puget Soundkeeper Alliance and its counsel, pursuant to the notice provisions in Paragraph 20.

10.    Within twenty (20) days of entry of this Consent Decree, SSA will pay a total of $318,000 (THREE HUNDRED AND EIGHTEEN THOUSAND DOLLARS) to cover Puget Soundkeeper Alliance's litigation fees, expenses, and costs (including reasonable attorneys and expert witness fees) by check(s) payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Alyssa Koepfgen.

11.    Puget Soundkeeper Alliance agrees it will not pursue any litigation against the Port of Seattle or the Northwest Seaport Alliance for violations of the Clean Water Act at the Facility, as alleged in Puget Soundkeeper Alliance's Complaint (Dkt. No. 1), which occurred up until the date of entry of this Consent Decree.

12.    A force majeure event is any event outside the reasonable control of SSA that causes a delay in performing tasks required by this Consent Decree that cannot be cured by due diligence. Delay in performance of a task required by this Consent Decree caused by a force majeure event is not a failure to comply with the terms of this Consent Decree, provided that SSA timely notifies Puget Soundkeeper Alliance of the event, the steps that SSA will take to perform

the task, the projected time that will be needed to complete the task, and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

13. SSA will notify Puget Soundkeeper Alliance of the occurrence of a force majeure event as soon as reasonably possible but, in any case, no later than fifteen (15) days after SSA becomes aware of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include

    a.    Acts of God, war, insurrection, or civil disturbance;

    b.    Earthquakes, landslides, fire, floods;

    c.    Actions or inactions of third parties over which SSA has no or limited control;

    d.    Restraint by court order or order of public authority; and

    e.    Strikes.

14. This Court retains jurisdiction over this matter while this Consent Decree remains in force. While this Consent Decree remains in force, this case may be reopened without filing fees so that the Parties may apply to the Court for any further order that may be necessary to enforce compliance with this Consent Decree or to resolve any dispute regarding the terms or conditions of this Consent Decree. In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the Parties must first attempt to resolve the dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute. Such a meeting will be held as soon as practical but must be held within thirty (30) days after notice of a request for such a meeting to the other Party and its counsel of record. If no resolution is reached at that meeting or within thirty (30) days of the Notice, either Party may file a motion with this

1  Court to resolve the dispute. In the event that the dispute is put before the Court for resolution, the

2  prevailing or substantially prevailing party will be entitled to its reasonable attorneys' fees and

3  litigation costs.

4      15.    The Parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment

5  can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-

6  five (45) days following the receipt of a copy of the proposed consent judgment by the U.S.

7  Attorney General and the Administrator of the U.S. Environmental Protection Agency ("EPA").

8  Therefore, upon the filing of this Consent Decree by the parties, Puget Soundkeeper Alliance will

9  serve copies of it upon the Administrator of the U.S. EPA and the U.S. Attorney General.

10      16.    This Consent Decree will take effect upon entry by this Court. The Consent Decree

11  terminates automatically two (2) years after that date without any further action required by the

12  Parties or the Court.

13      17.    Both Parties have participated in drafting this Consent Decree.

14      18.    This Consent Decree constitutes the entire agreement between the Parties. There

15  are no other or further agreements, either written or verbal. This Consent Decree may be modified

16  only upon a writing signed by both Parties and the approval of the Court.

17      19.    Notifications required by this Consent Decree must be provided via email. For a

18  notice or other communication regarding this Consent Decree to be valid, it must be sent to the

19  receiving Party at the one or more email addresses listed below or to any other address designated

20  by the receiving Party in a notice in accordance with this paragraph.

21      **If to Puget Soundkeeper Alliance**:

22  Kelsey Furman
    Puget Soundkeeper Alliance
23  kelsey@pugetsoundkeeper.org

24

CONSENT DECREE - 7

**And to**:

Alyssa Koepfgen
Katelyn Kinn
Smith & Lowney PLLC
alyssa@smithandlowney.com
katelyn@smithandlowney.com

**If to SSA:**

Candice M. Woods
Deputy General Counsel
SSA Marine, Inc.
Candice.woods@ssamarine.com

**And to:**

Connie Sue Martin
Schwabe, Williamson & Wyatt
csmartin@schwabe.com

Any party identified in the notice provisions above may effect a change in the notice address by providing a notice complying with these provisions to all other parties listed. A notice or other communication regarding this Consent Decree will be effective the day it is transmitted. An email is effective the day it is sent so long as it is sent by 5:00 PM and on a business day, or else it is effective the following business day.

Dated this 6th day of October, 2025.

Lauren King
United States District Judge

CONSENT DECREE - 8